

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

Nos. 04-17-00421-CR &
04-17-00422-CR

John Gabriel **GUAJARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014CR6729 & 2014CR9091
Honorable Frank J. Castro, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: June 27, 2018

AFFIRMED

This is an appeal from the trial court's revocation of appellant John Gabriel Guajardo's

community supervision. On appeal, Guajardo contends: (1) there is no basis for assessment of the

family violence fee; and (2) each of the trial court's judgments contain an error that must be

corrected. We affirm the trial court's judgments.

**BACKGROUND**

Guajardo was charged with assault pursuant to section 22.01(b)(2) of the Texas Penal Code

("the Code") — assault on a person with whom he was in a dating relationship. He was later

charged with injury to an elderly individual pursuant to section 22.04(a) of the Code. Pursuant to a plea agreement, Guajardo pled nolo contendere to both offenses, and the trial court placed him on ten years' community supervision for each offense, but ordered the sentences to run concurrently.

Ultimately, the State filed its second amended motions to revoke community supervision with regard to each offense. Guajardo pled not true with regard to the allegations in each motion. After a hearing, the trial court found Guajardo had violated several conditions of his community supervision, granted the State's motions to revoke, and sentenced Guajardo to eight years' confinement for each offense. Again, the trial court ordered the sentences to run concurrently. In the judgments placing Guajardo on community supervision and the subsequent judgments sentencing him to eight years' confinement, the trial court assessed court costs of $438.00 dollars. The Bill of Cost prepared by the district clerk in each case shows that $100.00 of the court costs included a "Family Violence Fee."

After the trial court rendered its judgments, Guajardo perfected appeals from each revocation judgment. This court subsequently consolidated the appeals.

## ANALYSIS

On appeal, Guajardo raises two points of error. First, he contends there is no basis for the imposition of the $100.00 family violence fee. Second, he contends each of the trial court's 2017 revocation judgments contain an error that must be corrected by this court.

### *Family Violence Fee*

Article 42A.504(b) states that if a trial court grants community supervision to a defendant convicted of an offense under Title 5[1] of the Code, and the trial court determined the offense involves family violence, the trial court must require the defendant to pay $100.00 to a family violence center that (1) receives state or federal funds, and (2) serves the county in which the court is located. TEX. CODE CRIM. PROC. ANN. art. 42A.504(b) (West 2018). As noted above, all of the trial court's judgments — the original judgments placing Guajardo on community supervision and the subsequent judgments revoking his community supervision and sentencing him to eight years' confinement — assessed court costs in the amount of $438.00 dollars. The Bill of Cost prepared by the district clerk following the revocation and sentencing in each case show that $100.00 of the $438.00 in court costs is attributable to the imposition of $100.00 family violence fee. Guajardo contends the imposition of the $100.00 family violence fee was improper because there is no basis for the assessment. Specifically, he contends the statute that permits the assessment of a fee for family violence is only applicable to cases in which the defendant was placed on community supervision. Guajardo points out that he was ultimately sentenced to eight years' confinement, and therefore, imposition of the fee was improper. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.504(b) (West 2018). We disagree.

As the State points out, and the record shows, Guajardo was granted community supervision in 2015, which is when the family violence fee was originally assessed. Accordingly, we hold imposition of the fine was proper. *See id.* We therefore overrule his first point of error.

---

[1] Title 5 offenses include homicide, kidnapping and unlawful restraint, trafficking of persons, sexual offenses, and as is applicable here, assaultive offenses. *See* TEX. PENAL CODE ANN. § 19.01, et seq. (West 2011 & Supp. 2017); *id.* § 20.01, et seq.; *id.* § 20A.01, et seq.; *id.* § 21.01, et seq.; *id.* 22.01, et seq.

### *Error in Revocation Judgments*

In his second point of error Guajardo contends the 2017 revocation judgments inaccurately state that he pled "true" to the allegations in the State's second amended motions to revoke. We have reviewed the record and Guajardo is correct. At the hearing on the State's motions to revoke, Guajardo specifically pled "not true" to the allegations asserted by the State. However, the judgments state he pled "true" to the State's allegations.

After Guajardo filed his appellant's brief in this court, the trial court signed a nunc pro tunc judgment in each trial court cause number. In each "judgment nunc pro tunc," the trial court stated a clerical error was made in the original 2017 judgments, inaccurately stating Guajardo pled "true" to the allegations to the motion to revoke. The trial court then ordered the judgments to be changed to reflect that Guajardo pled "not true" to the allegations. The trial court further ordered the clerk to attach a copy of each nunc pro tunc judgment to the corresponding original judgment and to send a certified copy of each nunc pro tunc judgment to the Texas Department of Criminal Justice—Institutional Division to be made part of the commitment.

Appellate courts are prohibited from deciding moot controversies. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, no pet.). A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties. *Jack v. State*, 149 S.W.3d 119, 123 n.12 (Tex. Crim. App. 2004). The trial court corrected the error in the original 2017 judgments by rendition of judgments nunc pro tunc. Thus, Guajardo's complaint regarding the original 2017 judgments is now moot. We therefore dismiss this point of error as moot.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgments as corrected by the nunc pro tunc judgments.

Marialyn Barnard, Justice

Do Not Publish